JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

SIMON BENHAIM,

Plaintiff,

v.

STATE FARM GENERAL INSURANCE COMPANY,

Defendant.

Case No. 2:26-cv-09095-SB-E

ORDER GRANTING MOTION TO REMAND

Plaintiff Simon Benhaim moves to remand this action on the ground that Defendant State Farm General Insurance Company waived its right to remove by seeking and obtaining substantive relief in state court despite knowing the case was removable. Dkt. No. 9. The motion is granted.

The statutory deadline for removal and the waiver doctrine are analytically distinct. Under 28 U.S.C. § 1446(b), a defendant generally must remove within 30 days after receiving a pleading or other paper from which removability may be ascertained. Common-law waiver, by contrast, considers whether the defendant, "after it is apparent that the case is removable," takes action in state court manifesting an intent to have the matter adjudicated there and to abandon the federal forum. *Resolution Tr. Corp. v. Bayside Devs.*, 43 F.3d 1230, 1240 (9th Cir. 1994). The two rules are not coextensive: the right to remove may be apparent—and waived—before the statutory clock begins. *See Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 791 n.6 (9th Cir. 2018) (expressly leaving open whether waiver may result where a defendant independently learns that a case is removable but does not promptly remove). Plaintiff does not contend that the information State Farm received before suit triggered that statutory period but instead argues that State Farm waived its right to remove.

The hearing reduced the dispute to a narrow question. The parties agreed that common-law waiver could apply even though the statutory removal period had not begun and did not dispute that State Farm's successful motion to strike supplied the requisite state-court conduct. The remaining question was whether State Farm knew when it pursued that motion that the amount in controversy exceeded $75,000. On that issue, State Farm acknowledged that, before suit, Plaintiff had asserted a repair demand approaching $75,000 and an additional-living-expense demand of approximately $200,000, and that those amounts were disputed before the action was filed. When the Court observed that such repeated demands would have provided a strong basis for establishing an amount in controversy exceeding $75,000 in a notice of removal, State Farm agreed.[1]

Based on this record and given the narrow issue in dispute, the Court finds that State Farm waived its right to remove, grants the motion, and remands this action to the Superior Court of California for the County of Los Angeles.

Date: October 27, 2026

Stanley Blumenfeld, Jr.
United States District Judge

[1] State Farm's explanation for waiting did not identify any uncertainty about those amounts. Instead, counsel explained that State Farm wanted formal confirmation through discovery—specifically, an "other paper" sufficient to trigger the statutory removal period. That concern bears on when § 1446(b)'s 30-day clock began, not whether removability was already apparent for purposes of common-law waiver.